916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Earl ELLIS, Plaintiff-Appellant,
v.
Daryl STYER; G. Martinez, Dr.; Harry K. Russell, Supt.,
Defendants-Appellees.
 No. 89-3767.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and MEREDITH, District Judge.*
 
 ORDER
 
 2
 Robert Earl Ellis, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking damages, Ellis, who was then incarcerated at the Lima (Ohio) Correctional Institution (LCI), sued three members of the LCI staff alleging various violations of his civil rights under the eighth amendment to the Federal Constitution. Specifically, Ellis alleged: (1) that on March 27, 1985, he was verbally and physically assaulted by Styer (an LCI correctional officer); (2) that Martinez (LCI's physician) was deliberately indifferent to his serious medical needs; and (3) that Russell (the superintendent of LCI) failed to properly train, supervise, and discipline members of the prison medical and corrections staff.
 
 
 4
 Upon de novo review of the magistrate's report and recommendation in light of Ellis's objections, the district court adopted the magistrate's recommendation and granted summary judgment in favor of Martinez and Russell. Ellis's appeal of the grant of summary judgment to this court was dismissed because it involved an interlocutory order. See Ellis v. Styer, et al., Nos. 87-3394/3426 (6th Cir. August 25, 1987) (unpublished). Ellis has not raised these issues in the instant appeal.
 
 
 5
 Subsequently, the district court held hearing on Ellis's claims against Styer. After the hearing, the district court dismissed the claims against Styer, based upon detailed findings of fact. Ellis has filed a timely appeal, challenging the district court's decision. In his brief on appeal, Ellis has raised a new issue, namely that he was beaten up on February 5, 1987, and his copies of his medical records were confiscated. He also requests the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the district court's decision dated July 31, 1989.
 
 
 7
 The district court's findings of fact are not clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Moreover, the district court properly concluded, based upon its findings of fact, that Styer's pushing of Ellis did not constitute a violation of constitutional magnitude. See Whitley v. Albers, 475 U.S. 312, 320-22 (1986).
 
 
 8
 Finally, Ellis's claim that on February 5, 1987, he was beaten up and copies of his medical records were confiscated was not raised before the district court and will not be addressed by this court for the first time. See Pinney Dock and Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988).
 
 
 9
 Accordingly, the request for counsel is hereby denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation